TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00732-CR






Lance Nickolas Mendez, a/k/a Elios Hernendeza, Appellant



v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 65601, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Lance Nickolas Mendez was placed on deferred adjudication community
supervision after he pled guilty to burglary of a habitation. See Tex. Penal Code Ann. § 30.02 (West
2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2012). Subsequently, the trial
court granted the State's motion to adjudicate after finding that Mendez had violated the conditions
of supervision. (1) The court adjudicated Mendez guilty, revoked his community supervision, and
assessed his punishment at 20 years' confinement in the Texas Department of Criminal Justice. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2012); Tex. Penal Code Ann. § 12.33
(West 2011).

 Mendez's court-appointed attorney has filed a motion to withdraw supported by a
brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of
Anders v. California by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced. See Anders v. California, 386 U.S. 738, 744 (1967);
Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); see also Penson v. Ohio, 488 U.S. 75
(1988). Mendez's counsel mailed appellant a copy of the brief along with a letter advising appellant
of his right to examine the appellate record and file a pro se brief. See Anders, 386 U.S. at 744;
Garner, 300 S.W.3d at 766. No pro se brief or other written response has been filed. (2)

 We have conducted an independent review of the record, including appellate
counsel's brief and the adjudication proceeding, and find no reversible error. See Anders, 386 U.S.
at 744; Garner, 300 S.W.3d at 766; Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App.
2005). We agree with counsel that the record presents no arguably meritorious grounds for review
and the appeal is frivolous. Counsel's motion to withdraw is granted.

 However, we note that the judgment adjudicating guilt contains a clerical error. The
judgment reflects that the trial court found that Mendez violated the conditions of his community
supervision as alleged in paragraphs A, B, C, D, E, F, G, H, I, and J, but erroneously omitted the
court's finding of true as to paragraph N. This Court has authority to modify incorrect judgments
when the necessary information is available to do so. See. Tex. R. App. P. 46.2(b); Bigley v. State,
865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment to reflect that
the trial court also found that Mendez violated the conditions of community supervision as alleged
in paragraph N. See Montoya v. State, No. 07-11-0492-CR , 2012 WL 2847902, at * 4 (Tex.
App.--Amarillo July 11, 2012, no pet. h.) (mem. op., not designated for publication) (modifying
judgment to properly reflect court's finding on deadly weapon before affirming conviction in
frivolous appeal under Anders).

 As modified, the judgment adjudicating guilt is affirmed.


 __________________________________________

 Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Modified and, as Modified, Affirmed

Filed: August 16, 2012

Do Not Publish

1. The State's motion to adjudicate contained 14 allegations. Mendez initially pled true to
ten of the allegations. However, in response to the trial court's questions about the voluntariness of
his pleas of true, Mendez indicated that he was "pleading true of out intimidation," expressing that
he felt intimidated by the "extra charges" he received. Accordingly, the court refused to accept his
pleas of true and entered pleas of not true to all the allegations on his behalf. The State presented
evidence as to all of the allegations, but abandoned three allegations relating to financial
delinquencies that Mendez had paid after the motion to adjudicate was filed. The trial court found
all of allegations, except the three abandoned by the State, to be true.
2. We granted Mendez a 90-day extension of time to file his pro se brief; however, no brief
has been filed nor have we received any further requests for extension of time from Mendez.